UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

OSWALD DOWNER,

    Plaintiff,

v.                                Case No. 3:23cv12851-LC-HTC

OFFICER D. LAVERNE,

    Defendant.
_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Defendant D. Laverne's motion to dismiss for lack of exhaustion, Doc. 18. Plaintiff was given until December 22, 2023, to file a response, *see* Doc. 19, but has not filed one. Upon consideration and for the reasons set forth below, the undersigned recommends the motion be GRANTED and this case dismissed.

**I.    BACKGROUND**

Plaintiff was an inmate with the Florida Department of Corrections ("FDOC") residing at Santa Rosa Correctional Institution Annex ("Santa Rosa Annex") at the time of the events in the complaint.[1] Doc. 1 at 6. He alleges that in March of 2022,

---

[1] Plaintiff is currently housed at Blackwater River Correctional Facility ("BRCF").

Defendant Laverne "without any just cause nor reason" slammed Plaintiff down on his face and head, causing his face under his right eye and the top of his head to be cut open, resulting in "numerous stitches." *Id.*

The Defendant filed a motion to dismiss, arguing that Plaintiff failed to exhaust the administrative remedies he had available to him through the FDOC Administrative Grievance Procedure outlined in Rule 33-103.007, Florida Administrative Code. Doc. 18. On November 22, 2023, the Court directed Plaintiff that, if he opposed the motion, he must file a written response within thirty (30) days. Doc. 19. Plaintiff was warned that under the Local Rules, the Court could grant Defendant's motion by default if Plaintiff failed to file a memorandum in opposition. Plaintiff did not file an opposition to the motion to dismiss, and the time for doing so has passed.

## II.   LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 … by a prisoner … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of exhaustion is "to eliminate unwarranted interference with the administration of prisons in order to 'afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Parzyck v. Prison Health Serv., Inc.,* 627 F.3d 1215, 1217 (11th Cir.

2010) (citation omitted). "Failure to exhaust is an affirmative defense under the PLRA," *Jones v. Bock*, 549 U.S. 199, 216 (2007), and is considered a matter of abatement under Fed. R. Civ. P. 12. *Bryant v. Rich*, 530 F.3d at 1374, 1376 (11th Cir. 2008). Thus, it is treated like a defense of lack of jurisdiction. *Id*. Consequently, a district court may properly consider "facts outside of the pleadings to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id*.

Deciding a motion to dismiss for failure to exhaust administrative remedies involves two steps. *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). The court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*. at 1082 (citation omitted). "If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. at 1082.

## III. DISCUSSION

While Plaintiff's failure to respond as directed to the motion to dismiss is sufficient reason to grant the motion, *see* N.D. Fla. Loc. R. 7.1(E) ("A party who

opposes the motion must file a memorandum in opposition.") and N.D. Fla. Loc. R. 7.1(H) ("The Court may grant a motion by default if an opposing party does not file a memorandum as required by this rule."), the Court, in an abundance of caution, will also address the merits of the exhaustion argument.

Defendant argues he is entitled to have the complaint dismissed for a failure to exhaust administrative remedies under step one of the *Turner* two-step analysis because Plaintiff did not file any informal or formal grievances regarding the March 2022 incident, and his appeal, which mentioned the incident, was not properly filed. Doc. 18 at 11-12. Having examined the Defendant's factual allegations and supporting declarations in the motion to dismiss, and with no response by Plaintiff to contradict them, the undersigned agrees this action should be dismissed.

In Florida, the procedural rules an inmate must follow to properly exhaust administrative remedies are promulgated by the FDOC and contained in the Florida Administrative Code. *See* Fla. Admin. Code Chapter 33-103 ("Inmate Grievances"). The FDOC's grievance procedure generally requires an inmate to: (1) file a timely informal grievance with a designated prison staff member, (2) file a timely formal grievance with the warden's office, and then (3) timely submit an appeal to the Office of the Secretary. *See* Fla. Admin. Code R. 33-103.005 to 33-103.007; *see also Parzyck*, 627 F.3d at 1218.

In the complaint, Plaintiff alleges he filed an informal grievance "yet no response ever came, then a formal grievance was also filed to no avail." Doc. 1 at 6. This allegation, alone, however, is insufficient to overcome Defendant's motion. Plaintiff has offered no documents or evidence showing exhaustion. He has not provided the Court with copies of any grievances, the dates those grievances were submitted or to whom, or the log numbers for any such grievances. He has not rebutted the following evidence submitted by Defendant, showing a lack of exhaustion.

First, according to the sworn declaration of the Grievance Coordinator at Blackwater Correctional Facility, submitted by Defendant, the FDOC grievance records show only one grievance filed by Plaintiff from March 1, 2022, to August 8, 2023.[2] Doc. 18 at 21. That informal grievance did not name Defendant or complain of an excessive use of force. Instead, "Inmate Downer alleged that he had a generalized fear from staff and was not being fed or provided with water." *Id.* That grievance, therefore, did not exhaust the claim Plaintiff brings against Defendant in this action.

---

[2] The FDOC's rules establish strict time frames for inmates to file grievances, and "an untimely administrative grievance does not satisfy the exhaustion requirement of the PLRA." *Johnson v. Meadows*, 418 F.3d 1152, 1154 (11th Cir. 2005). Under Rule 33-103.011 ("Time Frames for Inmate Grievances"), informal grievances must be received "within 20 days of when the incident or action being grieved occurred," and formal grievances (including direct formal grievances of a medical nature) must be received "no later than 15 calendar days" from either (1) the date on which the informal grievance was responded to; or (2) the date on which the incident or action being grieved occurred if an informal grievance was not filed. (Rule 33-103.011(1)(a), and (b)).

Case No. 3:23cv12851-LC-HTC

Second, even assuming Plaintiff's allegation that he filed grievances and did not receive a response is true, under the FDOC grievance procedures, when no timely response is received, the inmate may proceed to the next step. *See Quilling v. Humphries,* No. 4:10CV404-WS/WCS, 2011 WL 2650001, at *1 (N.D. Fla. May 11, 2011), *report and recommendation adopted,* No. 4:10CV404-WS, 2011 WL 2637462 (N.D. Fla. July 6, 2011) (citing Fla. Adm. Code R. 33-103.011(4)). Here, that next step would be an appeal to the Secretary. The problem for Plaintiff, however, is that while it appears he filed such an appeal, the appeal was procedurally deficient.

According to the sworn declaration of the FDOC custodian of records for grievance appeals, Plaintiff filed one appeal between March 1, 2022, and August 8, 2023. Doc. 18 at 19. Although that appeal referenced the March 2022 incident involving Defendant, it was returned without action because it addressed more than one issue. *Id.* at 19. Plaintiff did not file a new appeal addressing only one issue. *Id.* Because the only appeal Plaintiff filed in that timeframe did not comply with FDOC rules, it could not have properly exhausted his remedies. *See Woodford v. Ngo*, 548 U.S. 81, 81 (2006) (Proper exhaustion requires "using all steps that the agency holds out, and doing so *properly*." (citation omitted, emphasis in original)); *Hogan v. Gorman*, 2023 WL 3093553, at *2 (S.D. Fla. Apr. 26, 2023) (grievance appeal did not exhaust remedies because it was returned without action to Plaintiff

for "non-compliance with Chapter 33-103, Inmate Grievance Procedure" because "request for administrative appeal address[ed] more than one issue and/or complaint.").

Thus, under step one of the analysis in *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008), Defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies.

Accordingly, it is respectfully RECOMMENDED:

1. Defendant's Motion to Dismiss, Doc. 18, be GRANTED and this action be DISMISSED for failure to exhaust.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 9th day of January, 2024.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.

Case No. 3:23cv12851-LC-HTC